# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF HAWAII

| | |
|---|---|
| In re<br><br>SANFORD H. K. LEE,<br><br>    Debtor. | Case No. 04-01359<br>Chapter 13<br><br>Re: Docket No. 60 |

## FINDINGS OF FACT AND CONCLUSIONS OF LAW
## ON DEBTOR'S OBJECTION TO CLAIMS 3, 4, 5, AND 6

On November 10, 2004, debtor Sanford H. K. Lee filed an objection to four proofs of claim filed by his ex-wife, Margaret K. Lee. The court held a preliminary hearing on June 23, 2005, and an evidentiary hearing on October 11, 2005. At the hearings, Scot Brower, Esq., appeared for Mr. Lee and Sheila Vierra, Esq., appeared for Ms. Lee.

Based on the parties' stipulations and the evidence admitted, the court makes the following FINDINGS OF FACT:

1. On December 23, 1993, Mr. Lee and Ms. Lee were divorced. Among other things, the Divorce Decree required Mr. Lee to pay child support to Ms. Lee in the amount of $410.00 per month and provide medical and dental insurance coverage for their son until October 2000, when Mr. and Ms. Lee's son

became eighteen years old.[1]

2. Mr. Lee failed to pay child support as ordered. On January 13, 1998, Ms. Lee filed a motion in the Family Court of the First Circuit, State of Hawaii, to enforce the Divorce Decree. On February 9, 1998, the Family Court entered an order granting the motion, requiring Mr. Lee to pay child support arrears for the period through February 28, 1998, in the amount of $12,326.59, and providing that Mr. Lee "shall pay to Ms. Wasson [Ms. Lee's then attorney] the sum of $515 for Defendant's [Ms. Lee's] attorneys' fees and costs." Mr. Lee paid the delinquent child support but never paid the attorneys' fees and costs. Ms. Lee paid her attorney in full.

3. Also on January 13, 1998, the Family Court entered an order restraining any disbursement of Mr. Lee's pension, retirement, and annuity benefits pending further order of the court.

4. Mr. Lee again fell into arrears in paying child support. By the time the obligation to pay support terminated, the arrearage was $11,466.59. It is obvious that Mr. Lee rarely paid any child support when due. At $410.00 per month, the total child support that was owed from March 1, 1998 to October 2000

---

[1] The Divorce Decree provides that the obligation to pay child support and provide health insurance could last longer under certain conditions. The parties apparently agree that the obligation terminated in October 2000.

2

U.S. Bankruptcy Court - Hawaii #04-01359 Dkt # 98 Filed 10/17/05 Page 2 of 9

was $13,120.00. Therefore, Mr. Lee paid only about four months worth of child support during a period of thirty-two months.

5. On August 22, 2003, Mr. Lee filed a chapter 7 petition in this court. He received a discharge on November 25, 2003.

6. In 2003, counsel for Mr. and Ms. Lee attempted to negotiate a resolution of the delinquent child support and the injunction freezing Mr. Lee's retirement fund. Ms. Lee would not stipulate to lift the injunction unless the delinquent child support was paid in full. Mr. Lee agreed to pay all of the child support arrearage in a lump sum out of the retirement fund. Ms. Lee's counsel drafted the necessary orders, sent them to the attorney for the pension fund for approval, and made corrections requested by that attorney. Ms. Lee requested that Mr. Lee pay $728.00 in attorneys' fees for this effort, and represented that this amount was less than half of the total fees incurred. Mr. Lee refused to pay any of Ms. Lee's attorneys' fees.

7. Ms. Lee did not intend to waive, and did not waive, any of her claims against Mr. Lee.

8. On March 15, 2004, Ms. Lee filed a motion in Family Court to enforce the Divorce Decree by requiring Mr. Lee to pay the delinquent child support, the attorneys' fees of $515 previously awarded, and additional reasonable

3

attorneys' fees and costs. On May 11, 2004, Ms. Lee filed another motion in Family Court to enforce the Divorce Decree by requiring Mr. Lee to pay Ms. Lee $7,018.46 for health insurance premiums for the couple's son which Ms. Lee paid because Mr. Lee allegedly failed to provide the coverage.

        9.     Just before the Family Court heard the motions, Mr. Lee filed a chapter 13 bankruptcy petition in this court.

        10.    Ms. Lee filed five proofs of claim in the chapter 13 case.

           a.     Proof of Claim 3 asserts a claim for $7,018.46 based on Mr. Lee's alleged failure to provide health insurance for the son as the Divorce Decree required. The parties stipulated at the evidentiary hearing that Mr. Lee had provided the required coverage for all but four months. Ms. Lee reduced this claim to $829.15. Ms. Lee proved that she paid for the son's health insurance for those four months. Probably due to the animosity between the couple, Mr. Lee did not tell Ms. Lee that he had the coverage and Ms. Lee did not ask Mr. Lee whether he had obtained it. Ms. Lee did not learn that Mr. Lee had maintained the required coverage until the information came to light in discovery in this contested matter.

           b.     Proof of Claim 4 asserts a claim for $515.00 based on the Family Court's 1998 order requiring Mr. Lee to pay Ms. Lee's attorneys' fees and costs.

4

c. Proof of Claim 5 asserts a claim for interest on the delinquent child support in the amount of $5,480.39 as of March 2004. Simple interest at ten percent per annum, in the total amount of $6,675.65, has accrued on the unpaid child support payments from the due date of each payment until April 15, 2005, when the Chapter 13 Trustee paid the principal amount of the child support payments.

d. Proof of Claim 6 asserts a claim for attorneys' fees and costs in the amount of $4,566.53 as of the petition date. At the evidentiary hearing, Ms. Lee requested attorneys' fees and costs of $16,747.73 through September 2005, including charges for attorneys' time, paralegals' time, tax, and interest. Ms. Lee has incurred reasonable attorneys' fees and costs in the amount of $13,460.17 through September 2005 in enforcing her rights to child support under the Divorce Decree. This represents the full amount requested by Ms. Lee except for paralegals' fees (and tax thereon) while Ms. Lee was employed by her attorney and interest. The paralegal charges have been deducted because some of those services may have been rendered by Ms. Lee while she was employed in her attorney's law office and it is not appropriate to shift such amounts to Mr. Lee in the circumstances of this case. The interest has been removed because it is not clear that the court has authority to shift such interest to a losing party and it is otherwise

5

not appropriate to include such amounts in the circumstances of this case.

    e. Proof of Claim 7 asserts a claim for $11,466.59 based on the unpaid child support. Mr. Lee did not object to this claim and the Chapter 13 Trustee has paid it in full.

Based on the foregoing findings of fact, the court draws the following CONCLUSIONS OF LAW:

  1. The court has jurisdiction of the subject matter and over the parties. This is a core proceeding.

  2. Mr. Lee objects to Proof of Claim 3 (as amended at the hearing) for the unpaid health insurance premiums.

    a. He argues that Ms. Lee failed to prove that she paid for the son's health insurance for the four months during which Mr. Lee admits that he failed to do so. As is noted above, Ms. Lee proved that she paid the premiums for those months.

    b. Mr. Lee also argues that Ms. Lee should have made greater efforts to confirm that Mr. Lee had failed to provide the required coverage. Because Ms. Lee has waived her claim for the premiums for the months during which Mr. Lee provided coverage, and Mr. Lee has stipulated that he did not provide coverage during the four remaining months, this argument is irrelevant. In

6

U.S. Bankruptcy Court - Hawaii #04-01359 Dkt # 98 Filed 10/17/05 Page 6 of 9

any event, the Divorce Decree required Mr. Lee to "provide medical and dental insurance coverage" for the son. Merely paying the premiums for coverage, without telling the son and the custodial parent about the coverage so they could use it, does not comport with the intention of the Divorce Decree.

       3.     Mr. Lee objects to Proof of Claim 4 for the attorneys' fees awarded in 1998. He contends that only Ms. Wasson, and not Ms. Lee, has the right to seek payment of the fees, because the Family Court's order required Mr. Lee to pay $515 to Ms. Wasson. This argument rests on an incomplete and misleading quotation from the Family Court's order. The order required Mr. Lee to "pay to Ms. Wasson the sum of $515 <u>for Defendant's [Ms. Lee's] attorneys' fees and costs</u> [emphasis added]." The underscored phrase makes clear that the Family Court recognized that Ms. Lee was responsible to pay her own attorney. An order shifting a party's fees to the opponent does not eliminate the party's liability for the party's own attorneys' fees. Because Mr. Lee admittedly did not pay Ms. Wasson as the Family Court ordered, and because Ms. Lee proved that she paid her own attorney as her contract with the attorney required, Mr. Lee must reimburse Ms. Lee for that payment.

       4.     Mr. Lee objects to Proof of Claim 5 for interest on the unpaid child support. Under Hawaii law, "a court-ordered child support payment becomes

7

U.S. Bankruptcy Court - Hawaii #04-01359 Dkt # 98 Filed 10/17/05 Page 7 of 9

an enforceable decree when the payment becomes due." Contra Costa County ex rel. Tuazon v. Caro, 8 Haw. App. 341, 352 (1990), affirmed 72 Haw. 1 (1990). Unless the family court permits the defaulting parent to pay the arrearage in installments, "the arrearage then becomes a decree-judgment debt enforceable in both family court and civil court." Id. at 352. The parent to whom support is owed can "have the civil court enforce it in the same manner as the civil court enforces judgments entered by civil courts." Id. at 352-53. Interest accrues on all judgments at ten percent per year. Haw. Rev. Stat. § 478-3. The Family Court never permitted Mr. Lee to pay his child support arrears in installments. Therefore, each unpaid installment of child support is a judgment on which simple interest accrues at ten percent per annum. Doe v. Doe, 97 Haw. 160, 163, 34 P.3d 1059, 1062 (Haw. App. 2001).

       5.    Mr. Lee contends that the Family Court does not customarily award interest on delinquent child support. This contention (a) was not proven, (b) is inconsistent with the Hawaii case law and statutes cited above, (c) is inconsistent with the Family Court's form motion for enforcement of a divorce decree (which includes a check-box option requesting a judgment "for arrearages and interest thereon at the statutory [rate] accruing as of the due date of each past due payment"), and (d) is nonsensical as a matter of policy. If interest does not

8

accrue on delinquent child support, "deadbeat" spouses would have a powerful incentive to delay paying support, to the detriment of the other spouse and the child who need and are entitled to the money.

6. Mr. Lee claims that Ms. Lee waived her claim for interest when she demanded a lump sum payment of the child support out of his retirement funds and did not demand interest also. This contention was not proven.

7. Mr. Lee points out that the Child Support Enforcement Agency ("CSEA") did not bill him for interest on the delinquent child support payments. There was no evidence that the CSEA intended to or had the authority to waive Ms. Lee's claim for interest.

8. The court has the power to allow reasonable attorneys' fees and costs to Ms. Lee. Haw. Rev. Stat. § 571-52.7.

An appropriate separate judgment will be entered.

/s/ *Robert J. Faris*
United States Bankruptcy Judge
Dated: 10/17/2005

9

U.S. Bankruptcy Court - Hawaii    #04-01359    Dkt # 98    Filed 10/17/05    Page 9 of 9